# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:14-00036 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| CHRISTOPHER ADAM TAKEWELL | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pending before the Court is Christopher Adam Takewell's ("Takewell") Motion for Reduction of Sentence in Accordance With 18 U.S.C. § 3582 (Compassionate Release). [Doc. No. 55]. For the reasons set forth herein, the motion is **DENIED.**

### I. Background

On September 25, 2014, Defendant, Christopher Adam Takewell, entered a guilty plea to One Count of Distribution of 50 Grams or More of Methamphetamine in violation of 18 U.S.C. §§ 841(1)(A)(vii) and (b)(1)(A)(viii). On January 5, 2015, Takewell was sentenced to a 120-month term of imprisonment.

On May 19, 2020, Takewell filed a request to Staff of the Bureau of Prisons ("BOP") requesting Compassionate Release/Reduction in Sentence based upon his

alleged conditions of hypertension, obesity, and concerns associated with the coronavirus. On June 12, 2020, the BOP issued a written denial of his request on the grounds that Defendant's medical history does not meet the criteria regarding a Compassionate Release/Reduction in his sentence for inmates with medical circumstances. The denial also noted that the prison in which Takewell is incarcerated, FCI Schuylkill, did not have any confirmed COVID-19 staff or inmate cases as of June 12, 2020.

On June 23, 2020, Takewell filed a Motion for Reduction of Sentence in accordance with 18 U.S.C. § 3582 (Compassionate Release) [Doc. No. 55]. In his motion, Takewell requests reduction in sentence under the Compassionate Release Statute, 18 U.S.C. § 3582(c)(1)(A) and asks the Court to reduce his sentence to time served. Specifically, Takewell alleges he is susceptible to being infected with COVID-19 due to obesity and hypertension. Takewell has a projected release date of November 30, 2021, and has served approximately 64.2% of his full term (120 months) and 72.9% of his statutory term (full time minus credit for good conduct time).

## II. Jurisdiction

Under the First Step Act, 18 U.S.C. § 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing a

motion with the court, prisoners must exhaust their administrative remedies by filing first with BOP). This requirement is jurisdictional.

The Government concedes that Takewell has submitted a Petition for Compassionate Release to the Warden and received a response therefrom, resulting in this Court having jurisdiction to consider his Motion. Takewell has exhausted his administrative remedies, and the Court has jurisdiction to proceed with Takewell's motion.

**III.   Parties' Arguments**

Takewell maintains that due to the COVID-19 pandemic, and his medical conditions of obesity and hypertension, he is at risk for the disease since he is unable to socially distance and take other precautions while he is in BOP custody. Takewell also claims that the state of Pennsylvania (where he is incarcerated), has one of the highest reported numbers of COVID-19 positive results in the country with about 80,000 cases. Takewell further argues that due to his medical condition, "extraordinary and compelling circumstances" are present requiring the Court to reduce his sentence and release him.

Takewell maintains if he were released that he would seek further drug counselling and that he would reside by himself at 1624 Park Loop Drive, Bastrop, Louisiana, at a residence owned by this brother, Matthew Takewell. Takewell

states that he has pre-arranged employment at Takewell Tire & Automotive in Bastrop, Louisiana.

The Government admits that, although Takewell did not attach medical records, his medical records do reflect that he is obese and has hypertension. The Government maintains that considering all pertinent circumstances, including the 18 U.S.C. § 3553(a) factors, and possible danger to the community, Takewell is not entitled to relief.

## IV.  Law and Analysis

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). Takewell moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A).

Under § 3852(c)(1)(A)(i), a court may reduce a prisoner's sentence "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018 only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. The First Step Act, § 3852(c)(1)(A), now allows prisoners to directly petition courts for compassionate release, upon exhausting their administrative remedies.

After a prisoner exhausts his administrative remedies, a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(1)(A)(i).

## V. Extraordinary and Compelling Circumstances

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

5

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> 
> (1) <u>extraordinary and compelling reasons warrant the reduction</u>; . . .
> 
> (2) <u>the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)</u>; and
> 
> (3) <u>the reduction is consistent with this policy statement</u>.

In the commentary following the policy statement, the Sentencing Commission identifies <u>three specific reasons that are considered "extraordinary and compelling" as well as one broader provision for reasons deemed "extraordinary and compelling."</u>

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
> 
> (A) <u>Medical Condition of the Defendant</u>.—
> 
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death

6

within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end stage organ disease, and advanced dementia.

(ii)   The defendant is—

(I)   suffering from a serious physical or medical condition,

(II)   suffering from a serious functional or cognitive impairment,

or

(iii)   experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B)   <u>Age of the Defendant</u>.—The defendant

(i) is at least 65 years old;

(ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and

(iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)   <u>Family Circumstances</u>.
(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) <u>Other Reasons</u>.

> As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13 cmt. n. 1.

The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

## VI. Analysis

The only "extraordinary and compelling reason" cited by Takewell is medical condition – obesity and hypertension. This Court finds that Defendant has failed to meet his burden that extraordinary and compelling reasons exist under 18 U.S.C. § 3582 (c)(1)(A) to modify his prison sentence. The statute requires that extraordinary and compelling reasons that warrant a reduction are

"consistent with applicable policy statements issued by the Sentencing Commission," and Takewell does not meet the criteria set forth in the policy statement.

### A. Medical Condition

In his request, Takewell maintains his medical conditions are obesity and hypertension. Title 18. United States Code, Section 3582(c)(1)(A) requires that extraordinary and compelling reasons that warrant a reduction are "consistent with applicable policy statements issued by the Sentencing Commission." The Court finds that Takewell's general complaint obesity and hypertension are not consistent with extraordinary or compelling circumstances as provided by the policy statement and its commentary. Takewell does not suffer from a terminal illness. He is not suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that "substantially diminishes the ability of the defendant to provide self-care within the…correctional facility." *Id*. at cmt. n.1(A)(ii)(I-III). As such, his alleged medical issues do not meet the extraordinary and compelling standard as set by the policy statement. *See United States v. Roberts*, Crim. Action No. 15-00135-01, 2020 WL 2130999, at *3 (W.D. La. May 5, 2020) ("[Inmate's] proffered reason of hypertension fails to meet the standard

for compassionate release based upon medical condition of the defendant.").

Takewell fails to show that his current condition is sufficiently severe to diminish his ability to provide self-care. *See United States v. Mazur,* Crim. Action No. 18-68. 2020 WL 2113613, at *1, 3-4 (E.D. La. May 4, 2020).

### B. Risk of COVID-19

Does the risk of COVID-19 change Takewell's medical assessment? This Court finds it does not. The Government acknowledges that Takewell is obese (BMI 38.1) which is a risk factor identified by the CDC as heightening the risk of severe injury or death, wer7 an inmate to contract COVID-19. Takewell's medical records also show hypertension, which has also been identified by the CDC as another risk factor.

FCI Schuylkill (where defendant is housed) only as one r inmate COVID-19 cases as of July 17, 2020. https://www.bop.gov/coronavirus.

Additionally, the BOP has taken further action since the passage of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136. Section 12003(b)(2) of the Act "expand[s] the cohort of inmates who can be considered for home release." Pursuant to that provision of the CARES Act, on April 3, 2020, United States Attorney General William Barr issued a memorandum instructing the BOP to maximize transfer to home confinement "all

appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated BOP facilities where COVID-19 is materially affecting operations." *See* Memorandum from Attorney General William Barr to Director of Bureau of Prisons, The Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://politi.co/2UV3JBi (last visited 4/27/2020). In the same Memorandum, Barr writes that the BOP "give priority in implementing these new standards to the most vulnerable inmates at the most affected facilities."*Id*. The BOP is currently reviewing prisoners to determine if temporary release to home confinement or some other type of release, removal, or furlough is appropriate, under the standards issued by the CDC on which persons are at heightened risk. The BOP has released 4,600 prisoners to home confinement under its process, a 161% increase since Attorney General Barr's initial memorandum dated March 26, 2020. https://www.bop.gov/coronavirus/ (last visited 07/06/2020).

Courts have consistently held that "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence...." *United States v. Clark*, Crim. Action No. 17-85-SDD-RLB, 2020 WL 1557397, at *6 (M.D. La. April 1, 2020). *See also United States v. Raia*, 954 F3d 594, 597 (3d Cir. 2020) (holding that the spread of

COVID-19 alone "cannot independently justify compassionate release, especially considering the BOP's role, and its extensive and professional efforts to curtail the virus's spread); *Mazur,* Crim. Action No. 18-68 at *1, 3-4 (holding that extraordinary and compelling reasons to grant compassionate release were not present for a prisoner diagnosed with myeloid leukemia and hypertension despite twenty-five percent of the inmate population testing positive for COVID-19). Therefore, the Court finds that the Defendant has failed to meet his burden that the conditions and Yazoo City Low and the potential exposure to COVID-19 present extraordinary and compelling circumstances according to 18 U.S.C. § 3582 (c)(1)(A).

Since Takewell has only "general concerns" about possible exposure to COVID-19, he is not entitled to compassionate release.

C. **Danger to the community**

In his request, Takewell maintains he is not a violent offender or any threat to society. Takewell asks for his sentence to be reduced to 10 years of probation with home confinement. The Court must consider whether a prisoner remains a danger to the community before granting compassionate release as required by U.S.S.G. § 1B1.12(2) with reference to 18 U.S.C. § 3142(g). Furthermore, 18 U.S.C. § 3582 and the policy statement requires the Court to consider the

sentencing factors set forth in 18 U.S.C. § 3553(a).

Section 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors weighing a petitioner's danger to the community include "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, ... community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  Similarly, § 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed—

(A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)  to afford adequate deterrence to criminal conduct;

(C)  to protect the public from further crimes of the defendant; and

Additionally, Takewell has not demonstrated he will not pose a danger to the community if released, or that his release comports with the applicable §3553(a)

13

factors. Takewell has a criminal history dating back to 1993. In addition to the instant offense, he also has prior convictions for Possession of Diazepam with Intent to Distribute (1999), Introducing Contraband into a Penal Institution (2000), Possession of Methamphetamine (2007) and various misdemeanor offenses. He is a career offender with a criminal history category of VI. Takewell's extensive criminal history supports the assertion that he is a poor candidate to be released. He has a pattern of continuing to commit narcotic violations, even while imprisoned. Even after he was sentenced to 9 years imprisonment in 1999, and 5 years imprisonment in 2007, Takewell committed the crime of Distribution of Methamphetamine for which he is currently incarcerated.

The Government also notes that Takewell has a history of failing to abide by conditions. He committed the offense for which he is currently incarcerated while on parole on multiple felony drug offenses. Takewell's probation for his 1995 Distribution of Marijuana conviction was revoked. Takewell was convicted of Contempt of Court in 1997 for failing to appear on Simple Battery charges. He also has a poor history of disciplinary violations while in BOP custody. Takewell has amassed 9 separate violations since 2018. (Government Exhibit B).

Considering the 18 U.S.C. § 3553(a) factors, along with the factors in 18 U.S.C. § 3142(g), Takewell is not entitled to compassionate relief.

## VII. Conclusion

For the forgoing reasons, it is ordered that the Motion for Reduction of Sentence in accordance with §3582 (Compassionate Release), [Doc. No. 55] filed by Christopher Adam Takewell is DENIED.

MONROE, LOUISIANA this 17th day of July, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE